Document Number 01
Case Number 05-C-0649-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
11/15/2005 09:41:08 AM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE H. PETERS,

                                              ORDER

                  Plaintiff,

                                              05-C-649-C

       v.

ASTRAZENECA, LP and
PROCTER & GAMBLE DISTRIBUTING
COMPANY; DAVID BRENNAN, CEO,
Astrazeneca, L.P; and ALLAN G. LAFLEY,
CEO, Procter & Gamble Distributing Company,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff George H. Peters, an inmate at the New Lisbon Correctional Facility in New Lisbon, Wisconsin, originally filed this products liability action against defendants in the United States District Court for the Eastern District of Wisconsin. In the action, plaintiff contends that he lost his sense of taste after taking Prilosec, a drug "manufactured, created, designed, tested, sterilized, packaged, distributed, supplied, marketed, sold, advertised, and otherwise distributed in interstate commerce." Plaintiff alleges that the drug was prescribed to him by doctors in Portage and New Lisbon, Wisconsin. Jurisdiction over plaintiff's state law claims is asserted under the diversity statute, 28 U.S.C. § 1332.

1

Because plaintiff is a prisoner, he is subject to the 1996 Prison Litigation Reform Act with respect to any lawsuit he files in federal court. That means that where, as here, the plaintiff has paid the full fee for filing his lawsuit, the complaint must be screened pursuant to 28 U.S.C. § 1915A. It does not appear that the court in the Eastern District Court formally assessed the merits of plaintiff's complaint under that statute. Instead, it has treated plaintiff's amended complaint as filed as of right pursuant to Fed. R. Civ. P. 15 and has invited defendants to move to dismiss if they believe there are grounds for dismissal. In keeping with the practice of this court, however, I have screened plaintiff's amended complaint and will dismiss it as to defendants David Brennan and Allan Lafley for plaintiff's failure to state a claim against them.

Wis. Stat. § 183.0304 governs the liability of members or managers of limited liability companies such as the defendant corporations. Pursuant to that statute, except in circumstances not applicable to this case, "a member or manager of a limited liability company is not personally liable for any debt, obligation or liability of the limited liability company, except that a member or manager may become personally liable by his or her acts or conduct other than as a member of manager." In his complaint, plaintiff does not allege that the individual defendants were involved in the creation, production or sale of Prilosec in any capacity other than as the Chief Executive Officers of their respective corporations. Indeed, in his brief in opposition to defendants' motion to dismiss plaintiff's original

2

complaint (which the Eastern District denied as moot upon the filing of plaintiff's amended complaint), plaintiff conceded that he is not suing the individual defendants in their personal capacities. Therefore, I will dismiss them pursuant to § 1915A on the court's own motion.

ORDER

IT IS ORDERED that pursuant to 28 U.S.C. § 1915A, plaintiff's complaint against defendants David Brennan and Allan G. Lafley is DISMISSED for plaintiff's failure to state a claim against them upon which relief may be granted.

Plaintiff may proceed in this court on his claims against the defendant corporations only. The clerk of court is requested to schedule this case for a preliminary pretrial conference before the magistrate judge as promptly as possible, at which time the magistrate judge will schedule a trial date and establish deadlines for the parties to file dispositive

motions, complete discovery and undertake other actions necessary to move this case to resolution.

 Entered this 14th day of November, 2005.

         BY THE COURT:
         /s/
         BARBARA B. CRABB
         District Judge