Case: 3:05-cv-00649-bbc   Document #: 44   Filed: 08/10/06   Page 1 of 4

Document Number  Case Number
05-C-0649-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
08/14/2006 12:44:47 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE H. PETERS,

                                                 ORDER

                Plaintiff,

                                         05-C-649-C

    v.

ASTRAZENECA, LP and
PROCTER & GAMBLE DISTRIBUTING
COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 12, 2006, plaintiff George Peters filed a notice of appeal from the judgment of dismissal entered in this case on June 12, 2006. In an order dated July 17, 2006, I found that plaintiff's appeal was not taken in bad faith and that he was not disqualified until 28 U.S.C. § 1915(g) from proceeding in forma pauperis on appeal. However, I told plaintiff that because he is a prisoner, he is required under the Prison Litigation Reform Act to pay the $455 fee for filing his appeal, starting with an initial partial payment calculated from his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Because plaintiff had not submitted a trust fund account statement with his notice of appeal, I ordered that he would have until August 7, 2006, in which to

1

submit the statement. I told plaintiff that if, by August 7, 2006, he failed to submit the required statement, I would deny his request for leave to proceed in forma pauperis on appeal on the ground that he had failed to show that he is entitled to indigent status on appeal.

Now, instead of submitting a trust fund account statement, plaintiff has submitted a document titled "Motion for Dismissal." In his motion, plaintiff asks that he be allowed to dismiss his appeal under Fed. R. App. P. 42. Fed. R. App. P. 42(a) provides that

> Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties.

This provision does not apply to plaintiff. His appeal was docketed by the circuit clerk on July 12, 2006 as appeal no. 06-2930. Therefore, plaintiff may dismiss his appeal voluntarily only under the terms of Fed. R. App. P. 42(b), which states,

> The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

According to this provision, plaintiff must file his motion with the Clerk of the Court of Appeals for the Seventh Circuit at 219 S. Dearborn St., Chicago, IL, 60606, and his motion must be accompanied by a signed stipulation of the parties and "any fees that are due." Otherwise, the dismissal may occur only on "terms agreed to by the parties or fixed by the

2

court" of appeals. Whichever route plaintiff might wish to take, he will have to pay the $455 fee for filing his appeal. This obligation was incurred at the time he filed his notice of appeal. Therefore, in a separate letter to the warden of the New Lisbon Correctional Facility in New Lisbon, Wisconsin, where plaintiff is presently confined, I am advising the warden of plaintiff's financial obligation in this case and requesting that the funds be taken from plaintiff's account in monthly installments pursuant to 28 U.S.C. § 1915(b)(2) until the $455 fee is paid in full. In addition, I am directing the clerk of court to insure that the court's financial records reflect plaintiff's financial obligation to pay the fee.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED for plaintiff's failure to provide a six-month trust fund account statement showing that he is qualified financially to proceed in forma pauperis. Nevertheless, plaintiff owes the $455 fee for filing his appeal. The warden of the New Lisbon Correctional Facility will be advised of plaintiff's obligation to pay the fee and the clerk of court is requested to insure that the court's financial records reflect the obligation.

Plaintiff remains free to request voluntary dismissal of the appeal by filing his request

with the clerk of the Court of Appeals for the Seventh Circuit as provided in Fed. R. App. P. 42(b).

    Entered this 10th day of August, 2006.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge